UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRIS LEE, | ) |
|         Petitioner, | ) ) ) |
|         v. | ) )   No. 2:19-cv-00417-JPH-MJD ) |
| STATE OF INDIANA, | ) ) |
|         Respondent. | ) |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING ENTRY OF FINAL JUDGMENT**

Chris Lee's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case ISF 18-11-0354. For the reasons explained in this Entry, Mr. Lee's petition is **denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On November 30, 2018, Correctional Officer Rebecca Null wrote a Report of Conduct charging Mr. Lee with a violation of Code B-216, Sexual Conduct as follows:

> On 11-30-2018 at approx 0130 I, c/o Null #181, was working 17 South when I was approached by offender Lee, Christopher DOC # 108448 and was asked by him if I would go into the mop closet with him to 'Find my G-Spot.' Offender Lee asked multiple times and was told to go back to his bed or he would receive a conduct report. Offender Lee asked again for me to go into the mop closet and He was told he was receiving a conduct report. I then called for asstiance [sic]. This offender was identified by his State ID and informed of this conduct report.

Dkt. 11-1.

On January 7, 2019, Mr. Lee received the Notice of Disciplinary Hearing Screening Report notifying him of the charge. Dkt. 11-2. Mr. Lee pleaded not guilty and requested a lay advocate. *Id.* Mr. Lee wished to call Offender Tyler Williams as a witness and stated that Offender Williams "seen the c/o rubbing my arm." *Id.* Mr. Lee requested video evidence and indicated that the Correctional Officer was rubbing his arm at his bunk. *Id.*

On January 11, 2019, Offender Williams provided the following witness statement:

> On the day this "Happened" I witnessed the Officer touch Inmate Lee multiple times and say some inappropriate comments to Lee. I think the only person in the wrong was the Officer. I didn't hear him say anything like she was saying was said. I think she got mad when she didn't get the attention she thought she was going to get and decided to write him up then[.]

Dkt. 11-3.

Mr. Lee was not allowed to view the video evidence for security reasons, but on January 11, 2019, CWM K. McMahon reviewed the video of the incident and summarized it as follows: "During the time reviewed you were observed speaking to the officer at the officer desk. There is no audio available on the video evidence." Dkt. 11-5. The Court has reviewed the video footage

2

provided for *in camera* review and finds that the summation provided accurately depicts the events that occurred.

Mr. Lee's hearing was held on January 14, 2019, and he made the following statement:

> I did not say what she said in the conduct. I feel that I was provo[ked]. I request conduct be dropped to a Class C 302 Sexual gestures. I've never had a history of this conduct type . . . .

Dkt. 11-6. The disciplinary hearing officer ("DHO") reviewed staff reports, statement of offender, evidence from witnesses, and the video and found Mr. Lee guilty of an amended charge of Code B 240/216, Attempting Sexual Conduct. *Id.* Mr. Lee's sanctions included a 24-day loss of good-time credit and a suspended credit class demotion. *Id.*

Mr. Lee appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, but neither appeal was successful. Dkts. 11-7 and 11-8. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1.

### C. Analysis

Mr. Lee alleges that he was denied the following due process rights: (1) the right to present video evidence; (2) the right to a lay advocate; (3) the right to a written copy of the findings of facts in his case; and (4) the right to a fair hearing before an impartial decision-maker. *Id.* at 3. Mr. Lee additionally argues that a violation of sexual conduct applies to "physical acts only" and because his acts were allegedly verbal, the conduct report is defective. *Id.* The Court will construe this as a challenge to the sufficiency of the evidence.

### 1. Failure to Exhaust

The respondent argues that Mr. Lee failed to exhaust his administrative remedies as to grounds (3) and (4), and these grounds are now procedurally defaulted. Dkt. 11 at 6-7. The Court

has reviewed Mr. Lee's prior first level appeal[1] and finds that Mr. Lee did not raise: ground (3), the right to a written copy of the findings of facts in his case; ground (4), the right to a fair hearing before an impartial decision-maker; or ground (5), any challenges to the sufficiency of the evidence. Mr. Lee did not provide any explanation was to why he did not raise these grounds in his appeals in his petition. In his reply, dkt. 16, Mr. Lee concedes that he did not exhaust his remedies on ground (4) and states that he did not know "impartial decision makers" meant more than one person should have heard his case. For clarification, having one hearing officer did not violate any due process rights under *Wolff*. Moreover, "impartial" in this context means unbiased. Due process forbids officials who have been involved in the underlying incident or investigation thereof from serving on the board hearing the charge. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). Here, no such partiality has been alleged.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)" has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). Mr. Lee has not shown cause and prejudice. Accordingly, habeas relief on grounds (3) and (4) and any challenge to the sufficiency of the evidence is **denied.**

---

[1] Mr. Lee's appeal to the Facility Head stated the following reasons: "This case was reheard as result of appeal. The appeal did not state why the case was being re-heard as described on pg. 56 Sec F. of the disciplinary code for adult offenders. The re-hearing was done by UTM and not a hearing officer as described for major offenses (Pg 23 Section F). I never had a chance to select lay advocate from a list as described on (Pg 25 Sec B., and E.). My lay advocate did not help prepare a defense or explain my rights to appeal as stated on pg 25 Sec. J. I requested the camera be reviewed at my bunk and it was not. I never received in [writing] why evidence was not [admitted]. Pg 31 Sec. E. Screening report should be offered to verify my request. Lay advocate wasn't appointed until hearing started!" Dkt. 11-7.

### 2. Lay Advocate

Mr. Lee argues that he requested a lay advocate at the time of screening, but one was not appointed until the day of his hearing and that this did not give the lay advocate 24 hours-notice to appear and assist Mr. Lee in preparation of his defense. Dkt. 1 at 3.

Mr. Lee requested a lay advocate and was appointed one. A prisoner in a disciplinary proceeding has no right to a lay advocate unless the inmate is illiterate, or the complexity of the issue makes it unlikely that the inmate will be able to collect and present evidence. *See Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (citing *Wolff*, 418 U.S. at 571). In his reply, Mr. Lee contends that he has a constitutional right to a lay advocate due to his mental health disorders that may cause him trouble with the complexity of representing himself. Dkt. 16 at 3. The record and Mr. Lee's filings do not indicate that he is illiterate, and the Court does not find this action to be complex. The respondent argues that "[a] prisoner does not even always have a right to a lay advocate, let alone have his rights transferred to the lay advocate." Dkt. 11 at 10. The Court agrees. Mr. Lee has presented no authority that establishes that a lay advocate is afforded the same due process protections as a prisoner in a disciplinary case.

Accordingly, habeas relief on this ground is **denied.**

### 3. Video Evidence

Mr. Lee argues that he requested video of his bunk area, and not the area of the officer's desk, to show that the officer was rubbing his arm. Dkt. 1 at 3. However, the officer's conduct report explicitly documents where she was working and the place of the incident: 17 South officer's desk. Dkt. 11-1. Mr. Lee's request for the video on the screening report was as follows: "Video: She was rubbing my arm at my bunk." Dkt. 11-2. The respondent argues that the video of where the incident took place was reviewed and summarized, the incident did not occur at Mr. Lee's bunk,

and that any argument of "provocation" Mr. Lee makes regarding the officer allegedly rubbing his arm is not a defense to his charge. Dkt. 11 at 12.

The Court agrees. As the petitioner, it is Mr. Lee's burden to establish that any evidence he was denied was material and exculpatory. *See Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (noting the petitioner did not "explain how [the requested witness's] testimony would have helped him" and thus "the district court properly denied relief" on the petitioner's claim that he was wrongfully denied a witness). He has not shown that any video evidence from his bunk is material and exculpatory. Mr. Lee was convicted of Attempting Sexual Conduct based on comments he was found to have made to Officer Null while she was at her desk. Mr. Lee bases his claim on evidence related to a separate incident where Mr. Lee alleges that Officer Null provoked him by rubbing his arm inside of Mr. Lee's cell. Mr. Lee fails to explain how such a separate incident, if true, would be a defense to a violation of Code B 240/216, Attempting Sexual Conduct. Moreover, even if there was evidence that Officer Null touched or rubbed Mr. Lee's arm, that would not permit the Court to conclude that Mr. Lee was denied Due Process in connection with his conviction for a violation of Code B 240/216, Attempting Sexual Conduct, as doing so would require the Court to reweigh the evidence. *See Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)) (This Court may not "reweigh evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding.").

Accordingly, habeas relief on this ground is **denied.**

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of

6

the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Lee to the relief he seeks. Accordingly, Mr. Lee's petition for a writ of habeas corpus must be **denied** and the **action dismissed.**

Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 12/8/2020

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHRIS LEE
108448
PUTNAMVILLE - CF
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov